NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.R.,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 24cv537 (EP)<br><br>**OPINION** |

**PADIN**, **District Judge.**

Plaintiff, who suffers from various physical and mental impairments, appeals from the Social Security Administration's ("SSA") denial of disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.*, (the "Act").[1] D.E. 1. For the reasons below, the Court will **GRANT** the appeal, **VACATE** the denial, and **REMAND** for further proceedings consistent with this Opinion.[2]

**I.    BACKGROUND**

    **A.  Plaintiff's Application**

Plaintiff filed a protective DIB application on March 28, 2021, and a protective SSI application on April 9, 2021, alleging disability beginning October 10, 2019. R. 18.[3] SSA denied the application on October 14, 2021, and again upon reconsideration on March 18, 2022. *Id.* At Plaintiff's request, Administrative Law Judge Peter Lee (the "ALJ") conducted a hearing on

---

[1] 42 U.S.C. § 301, *et seq.*
[2] The Court decides the appeal without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).
[3] "R." denotes the administrative record. D.E. 4.

January 26, 2023. *Id.* On May 2, 2023, the ALJ found that Plaintiff was not disabled and denied Plaintiff's application. *Id.* at 19.

### B. The ALJ's Five-Step Sequential Evaluation Process

To qualify for DIB or SSI, a claimant must show that he is disabled[4] within the meaning of the Act. 42 U.S.C. § 423(a)(1)(E). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." § 423(d)(1)(A); *see Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001). The individual's physical or mental impairment, furthermore, must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). "'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Id.*

The Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled. 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

---

[4] The standard for determining a claimant's disability is the same for both DIB and SSI. *See Benton v. Comm'r of Soc. Sec.*, No. 18-9478, 2019 WL 2285490, at *1 n.3 (D.N.J. May 29, 2019) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 551 n.1 (3d Cir. 2005)). The Court will only cite to the DIB regulations. *See Carmon v. Barnhart*, 81 F. App'x 410, 411 n.1 (3d Cir. 2003) (as the law and regulations to determine disability are the same for DIB and SSI, the Third Circuit "provide[d] citations only to the regulations respecting disability insurance benefits").

2

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. § 404.1520(b). If so, then the inquiry ends because the plaintiff is not disabled. Here, that is not at issue; the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of October 10, 2019.[5] R. 21.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three. Here, the ALJ found the following severe physical and mental impairments: connective tissue disorder, right hand arthritis, Sjogren's syndrome, depressive disorder, anxiety disorder, and opioid dependence. R. 21.

At step three, the ALJ decides whether the plaintiff's impairment(s) meets or equals the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. § 404.1520(d). If so, the plaintiff is presumed to be disabled if the impairment(s) has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1509. Otherwise, the ALJ proceeds to step four. Here, the ALJ found that Plaintiff did not, for any of the conditions in step two, have a physical impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. R. 22.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. § 404.1520(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step. Here, the ALJ found that Plaintiff had the RFC to:

---

[5] Plaintiff's date last insured is December 31, 2024. R. 21.

3

> perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant can occasionally lift and carry up to 20 pounds and frequently lift and carry up to 10 pounds. She can sit for six hours total in an eight-hour workday and stand/walk for six hours total in an eight-hour workday. Further, the claimant can never climb ropes, ladders, or scaffolds. She can never be exposed to unprotected heights or hazardous machinery. Additionally, the claimant can occasionally climb stairs and ramps. She can never crawl. Moreover, the claimant can occasionally kneel, stoop, and crouch. She can frequently finger and handle. Furthermore, the claimant can frequently balance. She can never have exposure to extremes in vibration. In addition, the claimant can have proximate access to restroom facilities, meaning, for example, access to a room located in the same building as the work is being performed. She can have occasional contact with supervisors, co-workers, and the public. Finally, the claimant is able to do only simple and routine tasks.

R. 24.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months. Here, the ALJ determined that Plaintiff could not return to her past relevant work, but could perform other occupations in significant numbers in the national economy: price marker, cleaner, and assembler. R. 30-31.

### C. Plaintiff Appeals

After the ALJ's decision, Plaintiff appealed to the SSA Appeals Council, which denied review. R. 1. On January 30, 2024, Plaintiff filed this appeal. Plaintiff's brief followed. D.E. 9 ("Pl. Br."). Defendant, the SSA Commissioner, opposes. D.E. 13 ("Opp'n). Plaintiff challenges the ALJ's analysis in the fourth step evaluation.

4

## II. LEGAL STANDARD

Judicial review of an SSA determination is based upon the pleadings and administrative record. The scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the ALJ's findings of fact. *See* 42 U.S.C. § 405(g) ("The findings . . . as to any fact, *if supported by substantial evidence*, shall be conclusive") (emphasis added); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (district court has plenary review of all legal issues and reviews the ALJ's findings to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence─particularly certain types of evidence (e.g., that offered by treating physicians)─or if it really constitutes not evidence but mere conclusion." *Id.*

To facilitate review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Decisions with conclusory findings or which indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06. And the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

5

III.  REVIEW OF ALJ'S OPINION

ALJs consider five factors when judging the persuasiveness of a medical opinion or finding—supportability, consistency, relationship with the claimant, specialization, and "other factors." § 404.1520c(c).  The first two factors are the "most important" and an ALJ *must* discuss them in a decision.  § 404.1520c(b)(2) ("[W]e *will* explain how we considered the supportability and consistency factors.") (emphasis added).  As to supportability, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  § 404.1520c(c)(1).  As to consistency, the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  § 404.1520c(c)(2).

Plaintiff challenges various aspects of the ALJ's opinion.  First, Plaintiff argues that the ALJ improperly evaluated the opinions of Doctor Daniel F. Schievella, Ph.D and Sarah Riley, LCSW. R. 29-30.  Second, Plaintiff argues that the ALJ improperly considered Plaintiff's subjective symptom testimony.  *Id* at 26.  Lastly, Plaintiff contends that the Appeals Council failed to properly address new and material evidence submitted in connection with the request for review.  *Id.* 39-46.

A.  **The ALJ Improperly Evaluated Sarah Riley's Opinions**

The ALJ determined Riley's opinion was not persuasive in part because Riley "testified that much of the basis of her opinion was based on what the claimant told her rather than a function by function medical examination."  R. 29.  Plaintiff believes this mischaracterizes Riley's

6

testimony, as she was asked to "testify to what you've witnessed." Pl. Br. at 22 (quoting R. 70). In response, the Commissioner does not much engage with the substance of this point, instead repeating the ALJ's finding and noting that the ALJ therefore "reasonably found [Riley's] opinion was not well supported," Opp'n at 15 (citing R. 29), and contending that the ALJ provided "other compelling reasons" for discounting Riley's opinion. *Id.* at 16. The relevant regulations explain that the more relevant the objective medical evidence and supporting explanations presented by a source are to support opinions, the more persuasive those opinions will be. § 404.1520(c)(1).

After reviewing the administrative record, the Court agrees that the majority of Riley's testimony was *not* based on what Plaintiff told her. *See* R. 68-72. The ALJ asked Riley to testify about "what you've noticed in your professional relationship." R. 70. The regulations define objective medical evidence as "signs, laboratory findings, or both" and psychiatric signs are further defined as "medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception, and must also be shown by observable facts that can be medically described and evaluated." 20 C.F.R. § 404.1502(f), (g). Riley described a session wherein she observed Plaintiff's symptoms. R. 71. While the Court does not agree that the Commissioner completely mischaracterized Riley's testimony, even supposing that "much" of the testimony was based on what Plaintiff told Riley, the ALJ did not adequately explain why Riley's findings were not supported.

The ALJ also did not adequately explain why Riley's opinions were inconsistent with the evidence of record. R. 29-30. When discussing the persuasiveness of the administrative findings of State agency psychological consultants Amy Brams and Lauren Cohen, Ph.D., the ALJ found that "the portions of their opinions noting that the claimant has only *mild* limitations concerning interacting with others and understanding, remembering or applying information are inconsistent

7

with medical records and mental status examinations[.]" R. 29 (citing Exs. 7F, 17F, 21F) (emphasis added). Yet when discussing the persuasiveness of Riley's opinion, the ALJ found that Riley's opinion that Plaintiff has "marked to extreme limitations in the areas of social interaction and sustaining concentration and persistence" were inconsistent with the evidence of record, citing three out of the same four exhibits. *Id.* at 29-30 (citing Exs. 7F, 17F, 18F, 21F). It is accordingly unclear to the Court why the ALJ found Riley's opinion inconsistent with the record. Moreover, the Commissioner decries Plaintiff's efforts to "flyspeck," Opp'n at 16 (citing *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024)), yet does not adequately explain why the moods described in certain medical records—on individual days—are inconsistent with the overall opinion of a treating therapist of five months. R. 69. Accordingly, the Court is precluded from conducting a "meaningful review" on the ALJ's analysis as to Riley. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

      **B.**      **The ALJ Improperly Evaluated Doctor Schievella's Opinions**

Plaintiff also argues that the ALJ did not adequately explain how he considered the supportability and consistency factors when assessing Doctor Schievella's opinion. Pl. Br. at 30-33. The Court again agrees.

The ALJ found that Doctor Schievella's opinion that the Plaintiff has a potential for absenteeism due to an elevated level of somatization; is at risk for conflicted relationships within employment; and was not recommended for employment was not consistent with the evidence of record as a whole. R. 29. It is not clear to the Court why Doctor Schievella's opinions on the foregoing, or that Plaintiff's personality traits indicated elevated "Phobias" and "Schizoid," is inconsistent with the moods and/or behaviors cited by the ALJ in other medical records. *Id.* (citing Exs. 17F, 18F). The ALJ also inadequately explained why Doctor Schievella's opinion on

Plaintiff's potential for absenteeism, based on psychological test results, R. 374, was "speculative." R. 29. Nor did the ALJ adequately explain why Doctor Schievella's opinion—again, based on psychological test results—that "[s]chizoid personality traits and heightened impulsivity, "would raise the risk for conflicted relationships within the work setting," R. 374, was vague. R. 29. The ALJ's summary discounting of Doctor Schievella's opinion is therefore problematic. *See Moore v. Comm'r of Soc. Sec.*, No. 11-3611, 2012 WL 2958243, at *2 (D.N.J. July 19, 2012) (in assigning weight to medical evidence, "[t]he ALJ's explanation must be sufficient enough to permit the court to conduct a meaningful review") (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119-20 (3d Cir. 2000)).

Having found Plaintiff's arguments concerning the opinions of Doctor Daniel F. Schievella, Ph.D and Sarah Riley, LCSW meritorious, the Court need not address the remaining arguments.

## IV.   CONCLUSION

For the reasons above, Plaintiff's appeal will be **GRANTED**, the ALJ's denial of benefits will be **VACATED**, and the matter will be **REMANDED** to the SSA for further proceedings consistent with this Opinion. An appropriate Order follows.

Dated**: December 4, 2024**

Evelyn Padin, U.S.D.J.